UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
••••••••••••••••••••••••••••••••••••••••••••••••••••

**LAMOUNT GREEN,**

                            **Plaintiff,**

                            **-v-**                        **9:10-CV-1268 (NAM/DEP)**

**JAMES CONLEN, LAWRENCE BOUDREAU,
T.W. ARNOLD, JEFFREY OSBORN, and
LANNY JENSEN, Deputy Sheriffs, Albany
County Sheriff's Department,**

                            **Defendants.**

••••••••••••••••••••••••••••••••••••••••••••••••••••

APPEARANCES:

Lamount Green
08-A-4432
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13201
Plaintiff, *pro se*

Office of Robert P. Roche
Robert P. Roche, Esq., of counsel
36 South Pearl Street
Albany, New York 12207
Counsel for Defendants

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

In this *pro se* inmate civil rights action pursuant to 42 U.S.C. § 1983, plaintiff's second

amended complaint (Dkt. No. 45) claims that, while plaintiff was a pretrial detainee in Albany

County, several Albany County prison guards beat him in violation of his Eighth Amendment

right to be free from cruel and unusual punishment.[1]  Defendants move (Dkt. No. 51) for summary judgment on the ground that, based upon the credible evidence in the record, no reasonable factfinder could conclude that defendants violated plaintiff's constitutional rights.

Upon referral pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), United States Magistrate Judge David E. Peebles issued a Report and Recommendation (Dkt. No. 72) recommending that the motion be denied.  Defendants object (Dkt. No. 73), contending that no reasonable jury could find for plaintiff, and that therefore summary judgment should be granted.

Upon *de novo* review, *see* 28 U.S.C. § 636(b)(1)(C), the Court agrees with Magistrate Judge Peebles that "the conflicting accounts offered by plaintiff and defendants squarely raise issues of credibility and present questions of fact for resolution by a jury and [are] inappropriate for determination by the court on a motion for summary judgment."  The Court has considered the specific issues raised by defendants, including the evidence that the pages attached to plaintiff's opposition papers as "Exhibit B-1" pertain to plaintiff's appearance in court in October 2007, not to his appearance on November 1, 2007.  Nevertheless, plaintiff's version of events finds some record support, including the documentation of the injury to plaintiff's forehead on November 2, 2007, and his own statements regarding how he received that injury.  The anomalies and inconsistencies in plaintiff's evidence raise questions of credibility, but do not warrant summary judgment.

It is therefore

---

[1] As Magistrate Judge Peebles observes (Dkt. No. 72, p.12, n.4), because plaintiff was a pretrial detainee rather than an inmate serving a prison sentence at the time of the alleged incident, his claim arises under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's prohibition of cruel and unusual punishment.  The same standard of law applies to both types of claims. *See United States v. Walsh*, 194 F.3d 37, 48 (2d Cir. 1994).

ORDERED that United States Magistrate Judge David E. Peebles's Report and Recommendation (Dkt. No. 73) is accepted; and it is further

ORDERED that defendants' motion for summary judgment (Dkt. No. 51) is denied; and it is further

ORDERED that this case is deemed Trial Ready, and is referred back to Magistrate Peebles to conduct a final pretrial conference; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:   March 19, 2012
          Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge